IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE GUADALUPE CANDANOSA,** | § | |
| **#39563-177,** | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:12-CV-2668-K |
| | § | (3:09-CR-286-K(08)) |
| **UNITED STATES OF AMERICA** | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Jose Guadalupe Candanosa's's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. For the reasons set out below, the § 2255 motion is denied as barred by the statute of limitations .

### I. BACKGROUND

On November 3, 2009, in a superceding indictment, the Government charged movant and seven co-defendants with one count of conspiracy to possess with intent to distribute and distribution of a methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and charged movant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (doc. 23). On April 9, 2010, movant pled guilty pursuant to a plea agreement to count one of the indictment. (docs. 81, 83). On February 16, 2011, this Court sentenced movant to 108 months imprisonment and a three-year term of supervised release. (doc. 184). Movant

did not appeal his conviction.

On July 13, 2012, movant mailed his initial § 2255 motion in which he alleged that his trial counsel was ineffective for failing to seek a downward departure in his sentence based on his waiver of the right to an administrative deportation hearing.

## II. STATUTE OF LIMITATIONS

"28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Specifically, it states that:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant mailed his § 2255 motion on July 13, 2012. His conviction became final on March 2, 2011, when the time for filing a direct appeal

2

expired. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Therefore, under § 2255(f)(1), his § 2255 filed on July 13, 2012, more than one year later, would not be timely. Movant does not allege a government created impediment under § 2255(f)(2) which prevented him from filing his motion, and he does not allege that his motion is timely under § 2255(f)(3) because it is based on a newly recognized right.

Movant does assert generally that he did not file his motion earlier because he did not know the "disposition of the General Attorney Office" until January 30, 2012. Furthermore, in his motion, movant refers to an Attorney General Memorandum dated April 28, 1995, and an "Ashcroft Memo" dated September 22, 2003. He also attaches a signed document stating his willingness to waive an administrative deportation hearing. (Motion at 5, 9, 11).

Movant is apparently referencing a 1995 memorandum issued by the United States Attorney General authorizing United States Attorneys to recommend downward departures in sentences for defendants who stipulated to deportation and waived their right to an administrative hearing. *See United States v. Galvez-Falconi*, 174 F.3d 255, 259 (2nd Cir. 1999). After this memo, the First, Second, and Third Circuits subsequently held that, in order to be entitled to a downward departure on this basis, a defendant must present a colorable, nonfrivolous defense to deportation. *See Galvez-Falconi*, 174 F.3d at 260; *United States v. Marin-Castaneda*, 134 F.3d 551, 555 (3d Cir. 1998); *United States v. Clase-Espinal*, 115 F.3d 1054, 1059 (1st Cir. 1997).

Without commenting on the merits of movant's assertion that he would have

3

been entitled to a downward departure on this basis such that his attorney was ineffective for failing to argue the point, the memo on which movant relies was issued many years ago. Therefore, movant's motion is not timely under § 2255(f)(4) because the date on which the facts supporting his claim could have been discovered through the exercise of due diligence was also many years ago. The fact that movant himself was not aware of this memo until January of 2012 does not render his § 2255 motion, filed over one year after his conviction was final, timely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey*

4

*v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant does not argue in his motion that he is entitled to equitable tolling, and this Court concludes that he is not. Because the memo on which movant relies was issued many years ago, movant has failed to establish that he diligently pursued his rights, as required by Supreme Court case law. *See Holland*, 130 S.Ct. at 2562. He has also failed to establish that some extraordinary circumstance prevented him from filing his motion in a timely manner. Movant has therefore not met his burden to establish circumstances warranting equitable tolling, and his motion to vacate is barred by the statute of limitations.

### III. CONCLUSION

Movant's motion to vacate, set aside, or correct sentence is barred by the statute of limitations and is **DENIED** with prejudice.

SO ORDERED.

Signed this 9th day of August, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

5